IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| GARY KESLER | ) | |
| | ) | |
| REBECCA SUE KESLER | ) | |
| | ) | |
| ERIC KESLER | ) | |
| | ) | |
| CHAD KESLER | ) | |
| | ) | |
| DONNA SUE TAYLOR, AS | ) | |
| TRUSTEE OF THE GARY LEE & | ) | |
| REBECCA SUE KESLER | ) | |
| REVOCABLE LIVING TRUST | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 1:23CV00164 |
| | ) | |
| TYSON FOODS, INC. | ) | |
| TYSON CHICKEN, INC. | ) | |
| TYSON SALES & | ) | |
| DISTRIBUTION, INC | ) | |
| | ) | |
| MARK AVERY | ) | |
| | ) | |
| KRISTI SANDERS | ) | |
| | ) | |
| Defendants | ) | |

MOTION TO STAY ALL PROCEEDINGS
PENDING RESOLUTION OF PLAINTIFF'S MOTION TO REMAND
& MEMORANUM IN SUPPORT THEREOF

COMES NOW Plaintiffs, by and through their attorney of record, Russell D. Oliver, and moves this Court to enter its order staying the proceedings herein until resolution is had on Plaintiff's Motion to Remand and as cause for such order states as follows:

1. That the above entitled cause of action was filed in the Circuit Court of Stoddard County, Missouri by Plaintiffs on August 22, 2023

2. That Defendants filed their Notice of Removal to this Court on September 22, 2023.

3. That Defendants thereafter filed three (3) separate Motions to Dismiss on September 29, 2023.

4. That Plaintiffs filed in this Court their Motion to Remand to State Court on October 6, 2023

5. Plaintiffs state that an order staying the proceedings on Defendantsì Motions to Dismiss would be in the interest of judicial economy, it will simplify the issues and does not prejudice the Defendants.

6. That Plaintiffs are prejudiced in the absence of a stay order as they can not amend their Petition, in response to a motion to dismiss, filed in state court without potentially waiving their jurisdictional objections raised in their Motion to Remand.  Resolution of the Motion to Remand prior to any briefing of the Motions to Dismiss is necessary for the parties to have a fair and even playing field in litigating the Motions to Dismiss if necessary.

7. Federal courts have broad discretion to manage their dockets, including staying proceedings. Landis v. North. Am. Co., 299 U.S. 248, 253 (1936). "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Id. at 254. "The district court's power to stay proceedings has been drawn purposefully broad and is discretionary." Fisher Controls Co. v. Control Components, Inc., 443 F. Supp. 581, 581 (S.D. Iowa 1977); see also Landis, 299 U.S. at 254; Sierra Club v. U.S. Army Corps of Eng'rs, 446 F.3d 808, 816 (8th Cir. 2006). Factors courts consider when determining whether to grant a stay include: "(1) the potential prejudice

to the non-moving party caused by the delay; (2) whether a stay will simplify the issues; (3) whether discovery is complete and a trial date set; and (4) the source of the governing law." Brown v. Louisiana-Pac. Corp., No. 4:12-cv-00102-SMR-TJS, 2013 WL 11826550, at *1 (S.D. Iowa June 14, 2013). Andrade v. JBS United States, No. 4:22-cv-00164-RGE-HCA, 2022 U.S. Dist. LEXIS 245501, at *2-3 (S.D. Iowa June 14, 2022)

8. If the Court grants the Plaintiffs' Motion to Remand, the federal court will no longer have jurisdiction over this case. The parties will then proceed to litigate the case in state court. If the Court denies the Motion to Remand, the parties will complete briefing the Motion to Dismiss and it will be submitted to the Court for ruling. The only prejudice to Defendants from the stay is a slight delay in the briefing and resolution of the Motion to Dismiss, whether that occurs in state or federal court.

9. That a stay of all proceedings, other than the Motion to Remand, promotes judicial economy. This case is relatively new, having been removed to federal court on September 22, 2023. The Parties have not engaged in any discovery including a Rule 26(f) conference. The Court has not held a scheduling conference or set any pretrial deadlines or a trial date.

WHEREFORE, Plaintiffs pray of this Court for its order staying all proceedings, including halting the briefing schedule for Defendantsì Motions to Dismiss, herein until resolution of this Courtìs jurisdiction as raised in Plaintiffsì Motion to Remand is achieved.

Respectfully Submitted,

/S/ RUSSELL D. OLIVER
RUSSELL D. OLIVER #59394
The Oliver Firm, L.C.
1402 N. Outer Rd, Ste. A
Dexter, MO 63841
(573) 614-7959
russ@oliver-lawfirm.com
ATTORNEY FOR PLAINTIFFS

CERTIFICATE OF SERVICE

I hereby certify that on October 10, 2023, I electronically filed the above and foregoing with the Clerk of Court using the CM/ECF system which sent notification to all parties entitled to service.

/s/ RUSSELL D. OLIVER
Attorney for Plaintiffs